RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/10/13
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEE ROY JOYNER, M.D. | : | DOCKET NO. 2:12-2705 |
| VS. | : | JUDGE TRIMBLE |
| S.F.L.&S.I.L.,L.L.C, ET AL | : | MAGISTRATE JUDGE KAY |

### ORDER

Before the court is a "Notice of Appeal" filed by Lee Roy Joyner, M.D. ("Appellant"), an unsecured creditor in <u>In RE: Samuel F. Liprie, Debtor</u>, Case No. 21281, Adversary Proceeding No. 11-02002, United States Bankruptcy Court, Western District of Louisiana. Appellant appeals from the Finding of Fact and Conclusions of Law and Order rendered by the Bankruptcy Court on September 28, 2012[1]; the Order appealed from is an interlocutory order. Pursuant to a motion to compel the productions of documents withheld as privileged, the Bankruptcy Court denied the motion as to certain documents finding that the attorney/client privileged protected said documents.

28 U.S.C. § 158 grants the United States district courts jurisdiction to hear an appeal from interlocutory orders of the Bankruptcy Court with leave of court. Most district courts have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals. This standard consists of three elements; (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for differences of opinion; and (3) an immediate appeal must materially

---

[1] R. # 84 and 85.

advance the ultimate termination of the litigation.[2]

The requirements of § 1292(b) provide that factual determinations of the bankruptcy court are not reviewable in an interlocutory appeal.[3] Review by this court is permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.[4]

The appeal of this matter is purely one of fact, and not a matter of law. Furthermore, the appeal would not terminate this litigation. Hence, we find that the Bankruptcy Court's discovery order does not meet the elements necessary to hear the appeal.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the motion for leave to appeal in this matter is hereby **DENIED** and the matter is referred back to the Bankruptcy Court for further proceedings.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of June, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In re Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991) (citing In re Neshaminy Office Bldg. Assoc., 81 B.R. 301, 303 (E.D. Pa. 1987)).

[3] See Clark Dietz & Associates Engineers v. Basic Const., 702 F.2d 67, 69 (5th Cir. 1983); Link v. Mercedes Benz of North America, Inc., 550 F.2d 860, 863 (3d Cir.) cert. denied, 431 U.S. 933, 97 S.Ct. 2641 (1977).

[4] Clark Dietz, 702 F.2d at 69.

COPY SENT:
DATE: 6-10-13
BY: SPB
TO: Clerk US BCt-Laf